ILLINOIS CENTRAL RAILROAD COMPANY *v.* LELAND L. PEARSON.

RAILROADS. *Washouts. Delay of passengers. Misleading information. Damages.*

> A railroad company is not liable for punitive damages to a passenger who has been detained by a washout on its line, although the delay was prolonged by the misleading statements of its employes as to the movement of trains, and the agent from whom the passenger purchased his ticket knew of the washout at the time of its sale and failed to give the passenger information thereof.

FROM the circuit court of, second district, Panola county.

HON. PERRIN H. LOWREY, Judge.

Pearson, appellee, was plaintiff in the court below; the railroad company was defendant there.

The facts, as shown by plaintiff's testimony, are as follows: On April 17, 1900, plaintiff, then residing at Batesville, Miss., received a telegram in the evening stating that his sister was in a dying condition at San Antonio, Tex. Plaintiff immediately wired in reply that he would leave on the first train for San Antonio, and at the same time arranged with the defendant's ticket agent at ·Batesville to procure for him a ticket to San Antonio, by having the agent wire to defendant's agent at Memphis for the ticket. The fast train to New Orleans did not stop at Batesville, and plaintiff took another train for Grenada, intending to board the fast train there. His ticket was sent by the agent at Memphis, and delivered to plaintiff at the train when he started for Grenada. When he reached Grenada he was there informed by an agent of defendant that the fast train had been sent by way of the Yazoo & Mississippi Valley road to New Orleans on account of the track being washed out near New Orleans, but that the fast train south the next morning would go through to New Orleans. Plaintiff waited over night at Grenada to catch this train, which would put him in San Antonio quicker than any other route. But the next morning the agent of defendant informed him that the morning train south would not go down, and suggested that plaintiff should take the accommodation, and go south to Canton, where he would find the train that had passed on the previous morning, and which would go from there to New Orleans. Plaintiff took this advice, and went to Canton. Plaintiff took the train at Canton and started south, and took a sleeper, and on waking next morning found that the train had stopped at McComb City. About 12 o'clock that day a train was made up there going to the north, and plaintiff got his baggage, and was in the act of boarding ·that train when he was told by the conductor that he had better remain at McComb City, as the train upon which he came would reach New Orleans before the train going north would reach Jackson, Miss. Acting upon this information, he remained at McComb twenty-four hours, when he took a north-

bound train for Memphis, and reached San Antonio Saturday night instead of the preceding Wednesday, as he would have done had he not been delayed. The ticket agent at Memphis knew of the washout when the ticket was sold to plaintiff. Plaintiff suffered very much mentally on account of his separation from his sister; she was an only sister, and he was very much attached to her. The Jury were instructed by the court for plaintiff that if they believed from the evidence that the sale of the ticket was a willful wrong, they might assess defendant with punitive damages. From a verdict and judgment for $400 for plaintiff, defendant appealed to the supreme court.

*Mayes & Harris* and *J. M. Dickinson,* for appellant.

The verdict in this case is so much in excess of any actual damage proven, that it is manifest that the jury awarded punitive damages under the instruction of the court submitting that question to them.

Plaintiff is only entitled to actual, if to any, damages. He is not entitled to recover on account of mental suffering, because this is not a case for unitive damages. In the cases of *Western Union Telegraph Company* v. *Rogers,* 68 Miss., 748, and *Dorrah* v. *Railroad Company,* 65 Miss., 14, this court has distinctly held that mental suffering is never an element of damage, except in those cases where it is the result of physical injury, or where punitive damages can be recovered.

In the recent case of *Marlett* v. *Vicksburg Railroad Company,* 78 Miss., 873, this court, through Judge Terral, has clearly announced the rule as to punitive damages, and holds that they can only be awarded in civil actions where there is insult, malice, fraud, or willful wrong, and that willful wrong means knowingly violating a duty to the plaintiff; knowingly doing a wrong to the plaintiff, intentionally. In other words, it involves the element of a will to do injury to the plaintiff.

This case is utterly barren of any semblance of insult, or fraud, or willful wrong.

The evidence shows that the railroad company was involved in trouble in the way of washouts, some of which actually occurred after the trip was begun. Certainly, it cannot be insisted that these washouts were intentional wrongs to the plaintiff.

*James Stone,* for appellee.

Undoubtedly appellee is entitled to be compensated for the damages he sustained. In addition to that, the court instructed the jury that if they believed the defendant sold him the ticket, after knowing of its inability to transport him properly and promptly, and after knowing the cause of his mission, and the suffering that delay would cause him, and that the railroad company intended to perpetrate upon him a willful wrong, the jury were authorized to assess further damages by way of punishment.

The only question that could possibly rise in the case is whether, under the state of facts shown, this instruction was justified. Undoubtedly if the railroad company issued the ticket after it had information, or could have had information, that it was unable to transport him, it is liable for the damages necessarily caused by failing to carry out the contract, if it did not advise him of the circumstances; and on this proposition no authorities need be cited. Any one who makes a contract, knowing he cannot carry it out, and does not advise the person with whom he contracts of the circumstances causing such inability, is liable for damages for failure to perform such contract.

The only question is: Would the jury be justifiable in assessing punitive damages? As a matter of fact, it does not seem that the jury assessed punitive damages. The recovery was for only $400, which, under the circumstances, does not seem

to indicate either prejudice or ill-will on the part of the jury, or any desire to punish the defendant below. Four hundred dollars would indeed be a slight punishment outside of the actual damages to the railroad company in a matter of this kind. The statements by the agent that he knew of this wash-out, the sale and delivery to plaintiff of the ticket after such knowledge, and the anxiety of Mr. Pearson, and the purpose of his mission, and his desire for rapid transportation, seem to show an utter disregard for his feelings and rights, and a gross neglect to apprise him of the difficulties under which the journey would have to be made. The traveling public are entitled to more consideration than this. In view of the fact that there was telegraph communication at all times between the agents of the road, and in view of the fact that the agent at Batesville was also a telegraph operator, and that it was not until after Pearson had spent several days in trying to reach New Orleans, that he was informed of the serious condition, seem to indicate an utter disregard not only for the convenience, but for his feelings and rights as one who made a contract for rapid transportation.

The jury might infer from the evidence that acting as the agents of the road did, in full possession not only of the inability to carry him, but of the purpose of his mission, and of his frenzied state of feelings, their action in failing to inform him of the condition of the road, both before and after making the contract, was in reckless disregard of his rights, and of their duty, and inflicted upon him an intentional and willful wrong. Malice or indifference to Mr. Pearson's rights may be inferred from circumstances, and these circumstances are more than unusually strong. 5 Am. & Eng. Ency. Law (2d ed.), 708.

It goes without saying that if they treated him in this way, with knowledge of the fact that they would injure him, and knowledge of their inability to perform their contract, the defendant is liable for punitive damages. *Railroad Co.* v. *Scurr,* 59 Miss., 456; *Railroad Co.* v. *Scanlan,* 63 Miss., 417.

Argued orally by *J. B. Harris,* for appellant.

TERRAL, J., delivered the opinion of the court.

The appellee bought a ticket of the appellant company from Batesville to San Antonio, Tex., by way of New Orleans, and by reason of a washout above New Orleans he was delayed some four days in reaching his destination, and sued the company in a large sum of money therefor, and recovered $400. The appellee was a dealer in real estate, and besides his loss in business, whatever that might be, he was out the price of his ticket, and some small sum for board and lodging while delayed, which under no reasonable computation could exceed one-half the sum recovered.

We have diligently examined the record, and find in the facts disclosed therein no grounds, as we think, for the instruction of the court submitting to the jury the discretion of imposing exemplary damages. If intended as such, they are exceedingly small; but manifestly the sum found was more than compensation for actual damages. Wherefore the judgment is reversed, and the case is remanded for a new trial.

*Reversed and remanded.*